UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTINE JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5647** |
| **FIDELITY NATIONAL INSURANCE COMPANY** | **SECTION "L" (5)** |

## ORDER & REASONS

Before this Court is Defendant's Motion for Summary Judgment. (Rec. Doc. 33). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order & Reasons.

### I.  UNDISPUTED FACTS

This case arises out of damage to Plaintiff's property in La Place, Louisiana, which was allegedly caused by Hurricane Isaac. Defendant Fidelity National Insurance Company ("Fidelity") provided flood coverage through the National Flood Insurance Program ("NFIP") for the property in question. Fidelity issued a Standard Flood Insurance Policy ("SFIP") to Plaintiff covering the building located on her property. (Rec. Doc. 33-2 at 2). The SFIP bears policy number 17115055577601 for a policy term of September 2, 2011 to September 2, 2012. (Rec. Doc. 33-2 at 2). Plaintiff's coverage limits under the SFIP were $182,000.00 for Coverage "A" (dwelling coverage), subject to a $2,000 deductible, and $30,000.00 for Coverage "B" (contents coverage), subject to a $1000.00 deductible. (Rec. Doc. 33-3 at 2).

Plaintiff submitted a flood claim to Fidelity stemming from flood damage to her house that occurred on August 29, 2012. Upon receipt of Plaintiff's claim, Fidelity began the process of adjusting her claim and assigned Conrad Owens, an independent adjuster, to inspect Plaintiff's

property. (Rec. Doc. 33-4 at 2, 36-1 at 2). Owens assessed the flood damage and prepared a building estimate of $48,834.14 with recoverable depreciation of $4,969.78, for a total building claim of $53,803.02. (Rec. Doc. 33-4 at 3).

On October 24, 2012, Plaintiff executed a Proof of Loss in the amount of $48,834.15 for her building claim and signed a Replacement Cost Proof of Loss for her recoverable depreciation of $4,969.78. (Rec. Doc. 33-2 at 26, 33-4 at 3). Plaintiff also signed a Proof of Loss for the contents claim for $26,556.13. (Rec. Doc. 33-3 at 2, 33-4 at 3). Plaintiff also alleges that on October 24, 2012, Nathan Michelson notified Fidelity Flood Claims Department of Michaelson & Messinger Ins. Specialists, LLC's ("M&M") representation of Plaintiff and that a written estimate would be forthcoming. (Rec. Doc. 36-1 at 2).

Fidelity issued payments to Plaintiff under the SFIP Building Coverage in the amount of $48,834.15 for the building claim and $4,969.78 for the recoverable depreciation on November 9, 2012. (Rec. Doc. 33-4 at 3). Fidelity issued a check for the undisputed contents claim in the amount of $26,555.13 on December 7, 2012. (Rec. Doc. 33-4 at 3).

On December 6, 2012, Dan Onofrey forwarded M&M's estimate of Plaintiff's damages, totaling $284,332.91,[1] to Fidelity. (Rec. Doc. 36-3 at 22). Mr. Onofrey requested in his accompanying letter that Fidelity review the estimate and set up a supplemental claim. (Rec. Doc. 36-3 at 3). Plaintiff did not provide a supplemental Proof of Loss for this claim. Fidelity has no evidence of a waiver from the Federal Insurance Administrator for this particular claim and property, beyond the amounts already paid to Plaintiff. (Rec. Doc. 33-4 at 4). Plaintiff ultimately filed suit against Fidelity on August 28, 2013 for Fidelity's failure to pay her actual losses. (Rec. Doc. 1).

---

[1] This figure represents the net claim.

## II.     PRESENT MOTION (Rec. Doc. 33)

Fidelity argues that this Court should grant Summary Judgment because "[t]he Fifth Circuit has consistently held that failure to submit a signed and sworn Proof of Loss bars recovery." (Rec. Doc. 33-1 at 8). While Plaintiff submitted a signed and sworn Proof of Loss for the amounts that Fidelity paid, Fidelity maintains that Plaintiff's failure to submit a signed and sworn Proof of Loss for the additional claims bars proceeding with this lawsuit. (Rec. Doc. 33-1 at 9). Moreover, Fidelity argues that Plaintiff did not secure a waiver for the Federal Insurance Amounts Administrator for her additional Proof of Loss. (Rec. Doc. 33-1 at 10).

Plaintiff opposes the motion. Plaintiff argues that pursuant to 44 C.F.R. § 61, app. (A)(1), art. VII (J)(9), an insurer can accept an adjuster's report in lieu of a Proof of Loss. Plaintiff relies on *Young v. Imperial Fire & Cas. Co.* and argues that Plaintiff's initial Proof of Loss, coupled with M&M's estimate, satisfies the Proof of Loss requirements under Art. VII(J)(4). (Rec. Doc. 36 at 3) (citing No. 13-5246, 2014 WL 1456408 (E.D. La. April 14, 2014) (Lemmon, J.)).

Fidelity replies. Fidelity argues that while a WYO carrier may accept an adjuster's report in lieu of a signed and sworn Proof of Loss, the insured must sign the report, and Plaintiff failed to sign the adjuster's report. (Rec. Doc. 39 at 2). In response to Plaintiff's reliance on *Young*, Fidelity argues that the instant case is distinguishable because the plaintiff in that case submitted a pre-suit proof of loss for amounts over and above what was paid by the carrier. (Rec. Doc. 39 at 2). Here, Fidelity maintains that Plaintiff never submitted a Proof of Loss for any amount beyond what she has been paid.

### III.     LAW AND ANALYSIS

#### A. The Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Id. When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

#### B. Failure to Submit a Signed and Sworn Proof of Loss

In 1968, Congress created the NFIP to provide flood insurance coverage at or below actuarial rates because private insurance companies could not economically underwrite these policies. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The program is operated by the Federal Emergency Management Agency ("FEMA") and is supported by the federal treasury. *Id.* Flood insurance policies can be issued by FEMA or through private insurers known as "Write Your Own" companies who serve as fiscal agents of the United States. *Id.* FEMA

provides fixed terms and conditions that must be used in the federal flood insurance policies, known as the Standard Flood Insurance Policy ("SFIP"). *Id.* "The provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced." *Id.* at 954; *see also Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1057-58 ("Under FEMA regulations, strict adherence is required to all terms of the SFIP.") (quoting *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).

Disputes regarding provisions of the SFIP should be "resolved under federal law 'by drawing upon standard insurance law principles.'" *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984) (quoting *West v. Harris*, 573 F.2d 873, 880-81 (5th Cir. 1978)); *see also Studio Frames Ltd. v. Standard Fire Ins. Co.*, 483 F.3d 239, 244-45 (4th Cir. 2007) (explaining that federal common law governs the interpretation of federal flood insurance policies and that "[u]nder federal common law, the federal courts draw upon standard principles of insurance law to resolve disputes over coverage in an SFIP."); *Suopys v. Omaha Prop. & Cas*, 404 F.3d 805, 809 (3d Cir. 2005) (explaining that federal courts "apply standard insurance principles to construe the SFIP").

Turning now to the relevant portion of the SFIP, Article VII(J)(4) provides:

> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date of the time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;

> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3. above.
>
> 5. In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.

44 C.F.R. pt. 61, app. A(1), art. VII(J). The SFIP further provides that the insured "may not sue [the insurer] to recover money under this policy unless [the insured has] complied with all the requirements of the policy." *Id.* art. VII(R).

The Fifth Circuit has repeatedly warned that the proof of loss requirement, as with all provisions of the SFIP, should be strictly enforced. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005). Failure to submit a timely, signed and sworn proof of loss, with all of the required elements, is a valid basis for denying an insured's claim. *Id*. The law in this circuit, requiring strict compliance with the proof of loss requirement, developed in the context of cases that involved insureds who either did not submit proofs of loss at all, did not submit them within the required time, or submitted incomplete forms. *See, e.g.*, *Richardson v. American Bankers Ins. Co. of Fla.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008) (holding that lawsuit was precluded as a matter of law because the insured did not submit a signed and sworn proof of loss); *Marseilles*, 542 F.3d at 1055-56 (finding that insured's failure to submit a proof of loss precluded suit despite the fact that insured may have provided adequate claim information to allow insurer to adjust claim); *Forman v. Federal Emergency Management Agency*, 138 F.3d 543, 545 (5th Cir. 1998) (holding that where the insured wrote "THESE FIGURES ARE UNACCEPTABLE" next to the listed amounts on the proof of loss form, the form was inadequate to meet the proof of loss requirement).

Here, Plaintiff argues that the Fidelity must accept the adjuster's report in lieu of the Proof of Loss pursuant to federal regulations, or conversely, that the report coupled with the prior Proof of Loss satisfies the SFIP's Proof of Loss requirement. In support of Plaintiff's first argument, Plaintiff relies on the language of the Appendix to the federal regulations governing the NFIP, which states:

> At our option, we *may* accept the adjuster's report of the loss instead of your proof of loss. The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report. At our option, we may require you to swear to the report.

44 C.F.R. § Pt. 61, App. A(1), art VII(J)(9) (emphasis added)

This plain language indicates that the regulation is not intended to act as a waiver to the Proof of Loss requirement. It is evident that the WYO carrier may exercise its discretion and choose to accept an adjuster's report in lieu of a verified Proof of Loss, but the language does not support a finding that the WYO carrier is compelled to take such action. As noted by the Eighth Circuit, "we do not interpret this document to waive one of the policy's most important requirements when the text plainly says the opposite." *McCarty v. S. Farm Bureau Cas. Ins. Co.,* 758 F.3d 969, 973–74 (8th Cir.2014). Thus, Fidelity could have waived the Proof of Loss requirement, but Plaintiff puts forth no evidence that Fidelity exercised its discretion and waived the requirement.

Moreover, even if Plaintiff could demonstrate that Fidelity waived the requirement, Plaintiff has not demonstrated that she satisfied the requirements imposed by such a waiver. The federal regulation clearly requires the claimant to sign the adjuster's report, and the M&M estimate sent to Fidelity does not bear Plaintiff's signature. Moreover, Plaintiff does not even contend that she signed the report. It is thus evident that Fidelity did not waive the Proof of Loss

7

requirement, and regardless of that fact, Plaintiff does not satisfy the signatory requirement in the case of a waiver.

The court came to the same conclusion when faced with an identical argument in *Hymel v. Fid. Nat. Ins. Co,* a factually indistinguishable case. In *Hymel*, the plaintiff submitted an initial, verified Proof of Loss for $94, 255.73, and Fidelity paid this amount. No. 13-5648, 2015 WL 1012967 at*2, (E.D. La. Mar. 6, 2015) (Barbier, J.). Plaintiff later submitted an estimate report compiled by M&M to Fidelity in the amount of $290,041.89 but failed to submit a verified Proof of Loss for those additional claims. *Id.* As in this case, the Plaintiff urged the Court to find that the adjuster's report satisfied the Proof of Loss requirement. The court rejected that argument, emphasizing that Fidelity did not exercise its discretion to waive the Proof of Loss requirement and that plaintiff's failure to sign the report compelled the court to find that plaintiff did not satisfy the requirements in the event of such a waiver. *Id.* at 5. For identical reasons, this Court reaches the same conclusion in the instant case.

Plaintiff next contends that the Court should find that the adjuster's report coupled with the initial verified Proof of Loss satisfies the Proof of Loss requirement. Plaintiff relies on *Young v. Imperial Fire & Cas. Co.* for this proposition, but *Young* is distinguishable from the instant case. In *Young*, the plaintiff separately submitted three verified Proof of Loss statements and an independent adjustor's report. 2014 WL 1456408, at *3. The court concluded that these Proof of Loss forms, taken with the adjustor's estimate, complied with the SFIP's Proof of Loss requirement. *Id.* In its holding, the court noted that the plaintiffs sent two of the verified Proof of Loss documents to the insurer after it had received the estimate and that a Proof of Loss referenced the amounts listed in the adjuster's report. This differs from the instant situation, where Plaintiff failed to submit a verified Proof of Loss either with or after the adjuster's report.

This case is more akin to the facts in *White v. Allstate Ins. Co.*, a case where the court granted summary judgment against the plaintiff for failing to satisfy the SFIP's Proof of Loss requirement and emphasized that "plaintiff has not proved that he submitted a signed, sworn proof of loss along with the independent adjustor's report, or that he signed and swore to the adjustor's report." 2015 WL 507024 at *3. Indeed, in granting summary judgment, the *White* court distinguished those facts from the *Young* case. *See also Reid v. Fidelity Nat. Indem. Ins. Co.*, No. 13-5640, 2014 WL 34972226 at *2, n. 24 ("Plaintiff relies on *Young v. Imperial Fire & Casualty Insurance Co.*, but there 'it was undisputed that the plaintiffs submitted three signed, sworn Proof of Loss" forms.") (internal citations omitted). Like in *White*, Plaintiff fails to point to any Proof of Loss that could be construed as referencing the adjustor's report.

Plaintiff referenced one alleged fact that could give this Court pause, but Plaintiff failed to substantiate that fact with any evidence. Specifically, Plaintiff's Statement of Facts references that on October 24, 2012, the same day that Plaintiff submitted her Proof of Loss, Nathan Michelson notified Fidelity of a forthcoming M&M report regarding Plaintiff's additional claims. (Rec. Doc. 36-1 at 2). There may be an argument that this notification served to notify Fidelity of an additional estimate, and since Michelson notified Fidelity on the same day as the Proof of Loss, that the forthcoming estimate was therefore incorporated into the Proof of Loss. But the Court does not find it to be a disputed material fact because Plaintiff fails to offer *any* evidence to support this assertion and does not even mention this alleged fact in her supporting memorandum. It is well accepted that the showing of genuine issue is not satisfied by creating "'some metaphysical doubt as to material facts, by 'conclusory allegations,' or by only a 'scintilla of evidence.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, the Court "resolve[s] factual controversies in favor of the nonmoving party, but only

when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* Plaintiff's mere assertion, without any supporting evidence or affidavit, that Plaintiff notified Fidelity of a forthcoming adjuster's report, does not create a disputed material fact as to whether Fidelity was aware of a forthcoming estimate when Plaintiff submitted her Proof of Loss. The Court thus finds that there is no genuine issue of material fact that Plaintiff did not satisfy the SFIP Proof of Loss requirement when she submitted an adjuster's report for additional damages without an accompanying signed and sworn Proof of Loss.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Fidelity's Motion for Summary Judgment (Rec. Doc. 33) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 20th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE